IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA )
)
    Plaintiff, )
)
v. ) No. 07-cr-30196-JPG
)
LARRY W. HOWARD, )
)
    Defendant. )

## **MEMORANDUM AND ORDER**

This matter comes before the Court on defendant Larry W. Howard's *pro se* motion for a reduction of his criminal sentence pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Guideline Manual ("U.S.S.G.") § 1B1.10 (Doc. 14).

Howard pled guilty to an information alleging one count of conspiracy to distribute and possess with intent to distribute crack cocaine and one count of possession with intent to distribute crack cocaine. At sentencing on February 22, 2008, the Court found by a preponderance of the evidence that Howard's relevant conduct was at least 20 grams but less than 35 grams of crack cocaine, which under United States Sentencing Guideline Manual[1] ("U.S.S.G.") § 2D1.1 yielded a base offense level of 26. His offense level was increased by two points under U.S.S.G. § 2D1.1(b)(1) because Howard possessed a dangerous weapon during the commission of the offense and by two points under U.S.S.G. § 3C1.1 because Howard fled the jurisdiction and remained absconded for over ten years. This established a total offense level of 30 which, considering Howard's criminal history category of II, yielded a sentencing range of

---

[1]Unless otherwise noted, the references to the guidelines in this order are to the 2007 United States Sentencing Guidelines Manual including Amendments 706 and 711, which became effective November 1, 2007.

108 to 135 months in prison. The Court imposed a sentence of 108 months for each count. Howard now asks the Court to apply amendments to U.S.S.G. § 2D1.1 to lower his sentence.

Section 3582(c)(2) allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria: (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission. If the defendant cannot satisfy the first criterion, the Court has no subject matter jurisdiction to consider the reduction request. *United States v. Lawrence*, 535 F.3d 631, 637-38 (7th Cir. 2008); *see United States v. Forman*, 553 F.3d 585, 588 (7th Cir.), *petition for cert. filed* (U.S. Feb. 23, 2009) (No. 08-9042).

The Court does not have subject matter jurisdiction to consider Howard's reduction request because he cannot satisfy the first criteria. Howard was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." 18 U.S.C. § 3582(c)(2). Amendment 706 amended U.S.S.G. § 2D1.1(c) as of November 1, 2007, to lower by two points the base offense levels associated with various amounts of crack cocaine. The Sentencing Commission amended U.S.S.G. § 2D1.1(c) intending to alter the disparity in sentences involving crack cocaine and sentences involving powder cocaine. Howard's sentence, however, was calculated after the

2

amendments became effective and already reflects the reductions implemented by the amendments. Thus, his sentencing range has not "subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." 18 U.S.C. § 3582(c)(2).

Because Howard cannot satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction, the Court does not have subject matter jurisdiction to consider Howard's reduction request. *See Lawrence*, 535 F.3d at 637-38; *Forman*, 553 F.3d at 588. The Court therefore **DISMISSES** his motion (Doc. 14) for **lack of jurisdiction**.

**IT IS SO ORDERED.**
**DATED: March 12, 2009.**

                                            s/ J. Phil Gilbert
                                            **J. PHIL GILBERT**
                                            **UNITED STATES DISTRICT JUDGE**